John D. Bennett, S.
In this accounting proceeding the court is requested to determine to what extent certain abated legacies are entitled to share in the principal of the trust held for the benefit of Anne Levice Campbell, now deceased.
The decree of July 16, 1941, directed the abatement of all bequests except the trust here in question and certain others not now involved.
The decree provided that this trust fund, originally in the amount of $55,000, was not subject to contribution toward the payment of the balances remaining unpaid on the abated legacies except “ that upon the death of said Anne Levice Campbell there shall be deducted from the principal of said trust fund and applied toward the payment of balances remaining unpaid of legacies which are abated, an amount equivalent to the proportionate abatement applicable thereto
The parties are in agreement that the principal amount of contribution which this trust fund must now apply towards the balances remaining unpaid on the abated legacies is $5,487.03. The primary issue, however, is whether such sum is entitled to its prorata share of the increments to principal which the trust has realized amounting to $4,243.66.
If the decree of July 16,1941, had directed that the amount of the abatement to which this trust was subject should have been physically separated from the trust and the income therefrom paid to the primary income beneficiary and the corpus applied to the reduction of abated legacies, there would be no question that the increment would follow the principal sum and be used to reduce the abatements.
While here the fund was not physically separated but administered in solido, the ultimate effect should be the same. The abated legatees are entitled to the principal amount of $5,487.03 and the increment and accretion of $4,243.66 together with interest from the date of death of the primary income beneficiary, Anne Levice Campbell, at the rate earned by the trust.